FILED

**NOT FOR PUBLICATION**

NOV 01 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL LAWRENCE SMITH, | No. 10-17141 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00837-WBS-CMK |
| v. | |
| FIGEROE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted October 25, 2011[**]

Before: TROTT, GOULD, and RAWLINSON, Circuit Judges.

Daniel Lawrence Smith, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

defendants violated his right of access to the courts. We have jurisdiction under

28 U.S.C. § 1291. We review de novo, *Jones v. Blanas*, 393 F.3d 918, 926

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Smith failed to raise a genuine dispute of material fact as to whether he suffered an actual injury as a result of the loss of the Keybo declaration. *See Lewis v. Casey*, 518 U.S. 343, 350-53 (1996) (access-to-courts claim requires plaintiff to show that defendants' conduct caused actual injury to a non-frivolous legal claim). Specifically, Smith did not raise a genuine dispute of material fact as to whether the declaration contained "newly discovered evidence" that would allow him to pursue a state habeas action. *In re Hardy*, 163 P.3d 853, 872 (Cal. 2007) (setting forth the requirements for pursuing a habeas action claiming actual innocence based on newly discovered evidence).

We do not consider issues that were not raised in the opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Smith's remaining contentions are unpersuasive.

**AFFIRMED.**